JOHNSTON *v.* CLARK.

Opinion delivered March 15, 1902.

COMPROMISE—ENFORCEMENT.—One who refused to abide by a compromise cannot, after failing to recover independently of it, ask to have its terms enforced.

Appeal from Pope Circuit Court.

WILLIAM L. MOOSE, Judge.

Reversed.

*Jeff Davis* and *Charles Jacobson,* for appellants.

No sufficient showing appears for specific performance. 39 Ark. 424; 44 Ark. 334. Specific performance will not be decreed when the plaintiff himself has been in default. Story, Eq. § 771.

*J. T. Bullock* and *R. B. Wilson,* for appellee.

A judgment will not be reversed on account of a variance between the pleadings and the evidence, where the pleading might

have been amended at the trial in accordance with the evidence. 31 Ark. 155. The judgment, being right upon the whole record, should be affirmed. 43 Ark. 296; 44 Ark. 556; 46 Ark. 542. A compromise of a doubtful or disputed claim is sufficient consideration for an express promise to pay the sum so agreed upon. 21 Ark. 96; 44 Ark. 556; 27 Ark. 404; 29 Ark. 131; 31 Ark. 222; 43 Ark. 177.

BUNN, C. J. This is a bill in equity by the appellee, A. M. Clark, for himself and his brother, W. C. Clark, for whom he sues as next friend, to cancel a deed from Sarah Clark to their mother, Mary Clark, since married to appellant, G. W. Johnston, and have land therein named decreed to be the property of appellees, except a dower interest in their mother, Mary J. Johnston, one of the appellants; and that the lands be partitioned, and that Johnston be enjoined from interfering with the rights of plaintiffs (appellees here), and for all other proper relief.

The defendants answered, setting up facts going to show that the deed from Sarah Clark to Mary J. Johnston (formerly Mary J. Clark) is a valid deed, and that the said Mary J. Johnston is the absolute owner of the lands in controversy, except the portion set off by her consent to plaintiff, W. H. Clark.

It appears that Mary J. Johnston and her then husband, James Clark, mother and father of plaintiffs, soon after their marriage resided in the city of Little Rock, and her foster-father, Dr. Killian, and her husband bargained for and purchased on credit, in whole or in part, a residence for the sum of $2,000, and that subsequently Sarah Clark, a cousin of the husband, residing in the city of Fort Smith, proposed to James Clark and the said Mary J., his wife, that if she would sell her place in Little Rock, and move to the country, she would give her the lands in controversy in this suit.

The purchase price of the property in Little Rock was paid by Dr. Killian and James Clark, or by Dr. Killian alone,—the testimony is not certain how that was,—and Sarah Clark, in consummation of her agreement, made her deed to the defendant, then Mary J. Clark, with the full knowledge of her said husband. Subsequently, and just before his death, under pretense of correcting an alleged mistake in the description of the lands in the aforementioned deed, he procured a pretended corrected deed from said Sarah Clark, to himself, however, for the same lands, and had the

same recorded. It does not appear that there was any difference in the description of the lands in the two deeds. The deed from Sarah Clark to Mary J. Clark had not then been recorded. James Clark made a will, which was duly probated after his death, in which he made disposition of his lands and personal property, without describing his real estate. It was shown, however, in evidence that he had no lands, unless he owned the lands in controversy. He appointed his wife, the said Mary J. Clark, and W. T. Brown his executrix and executor.

On the suggestion of a claim on the part of A. M. Clark, against the title of Mary J. Johnston, G. W. Johnston consulted counsel, and was advised that his wife's deed was good, and with her knowledge and consent at once had her deed recorded. It appears that the mother was at all times willing to give her sons a share in the lands, but, according to her testimony, not because the lands belonged to her former husband and their father, but because they belonged to her, and she had the right to do as she pleased in the matter. Finally, an agreement was made between the three whereby the mother was to take the eastern part of the land, containing 88½ acres, and presumably the part on which she had resided from the beginning, and the remainder to be divided between the sons in equal parts, having reference to the value of each, and each one named a commissioner to make the division between the three; and the commissioners accordingly allotted the said 88½ acres, the eastern division, to the mother, and of the remainder 70 acres to A. M. Clark, and 107 acres to W. H. Clark; and deeds were made to the mother accordingly, and she made her deed to W. H. Clark according to the division, and he afterwards sold his part to G. W. Johnston for $400. But, while the mother showed a willingness to make her deed to A. M. Clark for the 70 acres, he, after much delay, finally had a deed made out for her to execute calling for 88 acres, which he claimed was the quantity she had agreed to give him. This deed, calling for 18 acres more than the commissioners had allotted to him, the mother declined to execute. After that this suit was instituted.

It was shown in evidence that W. H. Clark was 21 years old when this suit was instituted, and that he had never authorized its institution. In fact he disclaimed all interest in the matter, and no desire to litigate with his mother. His name as a party was therefore used without authority and without legal right. He was thus eliminated from the suit.

The court held that the title to the land was in Mrs. Mary J. Johnston by virtue of her deed from Sarah Clark. The deed from Sarah Clark to James Clark was, of course, a nullity, since at the time her deed was made to·him she had no authority to convey, having previously parted with her title to Mary J. Clark, since Mary J. Johnston. This part of the decree of the court should have settled the case in favor of defendant, for, if the absolute title was in Mrs. Johnston, her sons could not compel her to give any part of the land to them, or make any other disposition of the same, except just as she might choose to make; for one can deal with his own as he may elect. Nor does the prayer of the complaint call for anything else than the cancellation of her deed from Sarah Clark, and a partition of the lands, as if owned by the former husband of Mary J. and the father of the plaintiffs under his deed from the said Sarah Clark.

Nothing being said, the bill would be dismissed for failing to state a cause of action, and also for want of equity; but, while the pleadings have a different purpose, in argument on the testimony adduced, the plaintiff A. M. Clark (for the other, W. H. Clark, disclaims, and is not in the case) contends that the partition of the lands by the commissioners, appointed by all the parties for that purpose, was in furtherance of an agreement, and that said agreement had for its consideration accruing to the mother the promise of her sons, the plaintiffs, to refrain from suit against her for these lands. A promise to refrain from suit may be a good consideration to support a compromise founded thereon; but here the plaintiff refused to abide by the compromise, and not only so, but brought suit in violation of the agreement itself, even if his version of the matter be true. Under the circumstances of the case, the plaintiff is not in a position to insist on a partition of the lands in this suit in accordance, even, with the partition of the commissioners, whatever he might have been justified in doing, had he accepted that partition, and not brought this suit.

The chancellor erred in decreeing specific performance, and in adjudging their part of the cost against the defendants, for plaintiff refused to accept the commissioner's portion, and the defendants were put to the expense and trouble of defending this suit, which had no real foundation, as in effect was determined by the court below, and is determined by this court.

For these reasons the decree is reversed, and the bill is dismissed for want of equity, at the cost of the defendant, A. M. Clark.